UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| CURTIS M. JOHN-CHARLES, | No. 2:16-cv-1504 MCE AC P |
|---|---|
| Plaintiff, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| BRIAN DUFFY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.      <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 2. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). However, the court will not assess a filing fee at this time. Instead, the undersigned will recommend that the complaint be summarily dismissed.

II.     <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. Complaint

Plaintiff makes allegations against a number of employees of the California Department of Corrections and Rehabilitation (CDCR).[1] The complaint alleges that plaintiff was found guilty of multiple rules violations, each of which resulted in the loss of time credits, and that the hearings on the rules violations and subsequent appeals all violated his due process rights. ECF No. 1 at 2-53. Plaintiff also alleges due process violations related to at least one classification committee hearing that resulted in his transfer to another, less desirable prison (id. at 11-14), and that officers deliberately lost or stole his property and delayed the processing of a money order (id. at 28-42). Finally, he alleges that his due process rights were violated when staff denied or refused to process his grievances related to the other alleged violations. Id. at 2-53.

IV. Failure to State a Claim

A. Scope of § 1983

State prisoners may not attack the fact or length of their confinement in a § 1983 action and "habeas corpus is the appropriate remedy" for such claims. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) (holding that habeas corpus is "available only for state prisoner claims that lie at the core of habeas (and is the exclusive remedy for such claims), while § 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas"). Here, plaintiff requests that this court order his time credits be restored because his rules violation hearings and appeals were fraught with due process violations. He has also provided documentation showing that he is serving a determinate sentence. ECF No. 1 at 328-29, 331-32. Accordingly, the restoration of time credits will necessarily affect the duration of his sentence and this claim lies directly within the core of habeas corpus because plaintiff is challenging the validity of his continued confinement and a

---

[1] The court has identified at least twenty-four named defendants. However, since the caption does not list all parties as required by the federal rules, it is possible that plaintiff named other defendants that the court has overlooked. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").

3

favorable determination would result in his speedier release.  These allegations fail to state cognizable claims for relief under § 1983 and must be dismissed.

The court declines to offer plaintiff the option to convert his claims related to his rules violations to an action for habeas corpus relief, because the information provided by plaintiff in the complaint shows that his claims were untimely at the time they were filed.  Although plaintiff asserts that he presented his claims to the California Supreme Court (ECF No. 1 at 3, 5), the docket in that case shows that his petition was denied nearly two years before he filed the complaint in this case.[2]  That is well outside the applicable one-year statute of limitations for federal habeas petitions.  28 U.S.C. § 2244(d)(1).

B.      Heck Bar

A claim to recover monetary damages is not cognizable under § 1983 if success on the claim "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence."  Heck v. Humphrey, 512 U.S. 477, 487 (1994).  In order to recover damages, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of writ of habeas corpus."  Id. at 486-87.  The so-called "Heck bar" also applies to prison disciplinary decision that resulted in the deprivation of good-time credits.  Edwards v. Balisok, 520 U.S. 641, 643-47 (1977).  Accordingly, Heck bars plaintiff's claims for damages based on his allegations that he was charged with false rules violations and denied due process protections which would have resulted in him being found not guilty.

Plaintiff shows no evidence that his underlying disciplinary findings have been reversed, expunged, invalidated, or impugned by a writ of habeas corpus.  Since a favorable damages award in this case necessarily implies the invalidity of the subject disciplinary decisions, plaintiff's claims for monetary damages based on finding that he was denied due process in his

---

[2] Docket in California Supreme Court Case Number S219893 available at http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2082127&doc_no=S219893

4

disciplinary proceedings are not cognizable under § 1983.

### C. Transfer to Another Prison

To the extent that plaintiff claims that his due process rights were violated when he was transferred to another, less desirable prison, prisoners have no liberty interest in avoiding being transferred to another prison. Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (no constitutional right to be housed at a particular prison even if transferred to an "institution with more severe rules"); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (noting that there is "no legitimate statutory or constitutional entitlement [to prisoner classification or eligibility for rehabilitative programs] sufficient to invoke due process"). Therefore these claims must be dismissed.

### D. Property Claims

The unauthorized deprivation of property by a prison official, whether intentional or negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). "California Law provides an adequate post-deprivation remedy for any property deprivations." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-95). Therefore, only an intentional and authorized deprivation of property may constitute an actionable § 1983 claim for violation of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985). In the instant case, plaintiff explicitly asserts that the deprivation of his property was the result of defendants failing to follow established policies and procedures and acting in an unauthorized manner. ECF No. 1 at 28-42. Accordingly, plaintiff's property claims are not cognizable.

### E. Grievances

Prisoners do not have an independent constitutional due process entitlement to a specific administrative grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to a grievance procedure). Prison officials are not required under federal law to process inmate grievances in any specific way. Plaintiff's claims that prison officials denied or refused to

process his grievances do not state a cognizable claim for a violation of his due process rights because there is no right to a particular grievance process or response. See, e.g., Towner v. Knowles, No. CIV S-08-2823 LKK EFB P, 2009 WL 4281999, at *2, 2009 U.S. Dist. LEXIS 108469, at *5-6 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims that would indicate a deprivation of his federal rights after defendant allegedly screened out his inmate appeals without any basis); Williams v. Cate, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6, 2009 U.S. Dist. LEXIS 107920, at *16 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Accordingly, these claims must be dismissed.

V. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that amendment would be futile. The complaint should therefore be dismissed without leave to amend.

VI. Plain Language Summary of this Order for a Pro Se Litigant

A recommendation is being made to dismiss your complaint without leave to amend because your allegations do not state any claims for relief. Your claims about your rules violations cannot be brought in a civil rights complaint because you have a determinate sentence and success would result in your speedier release. Claims that affect your release date have to be brought in a habeas petition. Your claims about being transferred to another prison also fail because there is no right to be housed at a specific prison, even if the prison you are transferred to

6

is more restrictive.  The claims that your property was lost, stolen, or withheld must be dismissed because the state of California provides a sufficient remedy.  Finally, your claims that your grievances were denied or rejected also fail because there is no right to a particular grievance process or response.

Accordingly, IT IS HEREBY RECOMMENDED that the complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 31, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE